BLD-012                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 18-3214
———————

IN RE:  COREY LANE,
                                                              Petitioner

—————————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-16-cv-08948)
District Judge: Honorable John M. Vazquez

—————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 18, 2018

Before:  AMBRO, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: October 30, 2018)
————

OPINION[*]
————

PER CURIAM

Corey Lane seeks a writ of mandamus, asking that we direct the District Court to

immediately rule on his "Motion for entering a Default under Rule 55(a)" dated May 1,

2018, and his "Motion for Entry of Judgment under Rule 55(b)" dated May 3, 2018.  We

will deny his petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

First, in his mandamus petition, Lane states that he filed a motion for default on May 1, 2018. That motion requested both entry of a default against the Defendant and entry of a default judgment. The motion was docketed at number 102 as a "Motion for Default Judgment as to The State of New Jersey," and was denied on May 2, 2018. See Docket #103 (order on motion). Thus, to the extent Lane asks us to direct the District Court to rule on the May 1 motion, his request is moot. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).

Second, Lane states that he also filed a motion for entry of default judgment on May 3, 2018. However, no motion was docketed on or about May 3. Because no such motion is pending, Lane does not have a clear and indisputable right to a ruling. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (explaining that one requirement for obtaining a writ of mandamus is that "the party's right to issuance of the writ is clear and indisputable") (internal quotation marks omitted). Further, Lane has another adequate means to address his concern. See id. (explaining that another requirement for obtaining a writ of mandamus is a showing that the petitioner has "no other means . . . to attain the relief he desires") (internal quotation marks omitted). If Lane believes that the failure to docket his May 3 motion was in error (despite the District Court's order denying his motion for entry of default judgment, see Dkt. #103), he may raise that issue in the District Court.

Accordingly, we will deny Lane's mandamus petition.

2